UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOSEPH KEMP,<br><br>                            Plaintiff,<br>    v.<br><br>EQUIFAX INFORMATION SERVICES, LLC, *et al.*,<br><br>                            Defendants. | Case No. 3:22-cv-00469-MMD-CSD<br><br>ORDER |

This case has been pending in this Court for more than 15 months without any action having been taken. On November 15, 2024, the Court issued an order informing the Plaintiff that this action will be dismissed without prejudice for failure to prosecute under LR 41-1 if no action is taken in this case by December 16, 2024. (ECF No. 35.) Plaintiff failed to comply with that order. The Court will therefore order this case to be dismissed, in its entirety, without prejudice, for failure to prosecute under LR 41-1.

District courts have the inherent power to control their dockets, and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d

1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein.

Finally, the fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until and unless Plaintiff indicates an intent to continue prosecuting and participating in this action, the only alternative is to enter a second order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the Court's finite resources. The circumstances here do not indicate that this case will be an exception; there is no hint that Plaintiff needs additional time or evidence that he did not receive the Court's order. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal.

It is therefore ordered that this action is dismissed without prejudice.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 18th Day of December 2024.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE